UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL C.C.,[1]<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-06022-TLN-CSK<br><br>A# 094-811-799<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Miguel C.C.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's challenge to his civil immigration detention without a hearing. (ECF No. 1.) The facts are not disputed here. Petitioner is a noncitizen who last entered the United States without admission more than seventeen years ago. (*See* ECF No. 8-1 at 2.) At some point, immigration authorities released Petitioner on an Order of Release on Recognizance. (*Id.*) On July 9, 2026, Petitioner was detained during an appointment with U.S. Immigration and Customs Enforcement ("ICE"). (*Id.*) Respondents concede Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a custody hearing. (ECF No. 8 at 1.) Petitioner has now been detained for over two months without any such hearing. (ECF No. 1 at 5, 16.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16.) Respondents concede Petitioner's detention is governed by 8 U.S.C. § 1226(a). (ECF No. 8 at 1.) Section 1226(a) requires a custody hearing. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). But Respondents have provided no such hearing. (ECF No. 1 at 5; *see also* ECF No. 8.) This Court has found a Fifth Amendment violation under

analogous circumstances numerous times. *See, e.g.*, *Jhonny Enrique A.A. v. Chestnut, et al.*, No. 1:26-cv-06832-TLN-JDP (E.D. Cal. Sept. 11, 2026) (finding due process violation where government did not provide custody hearing in accordance with § 1226(a)); *Xianming H. v. Warden of the Cal. City Det. Facility, et al.*, No. 1:26-CV-02543-TLN-CKD, 2026 WL 1283415, at *5 (E.D. Cal. May 11, 2026) (same); *Rene Leonel G.O. v. Warden of the Cal. City Det. Facility, et al.*, No. 2:26-CV-00733-TLN-SCR, 2026 WL 1219698, at *4 (E.D. Cal. May 5, 2026) (same). The Court once again finds that due process, at a minimum, entitles Petitioner to his statutory right to a custody hearing within a reasonable time and manner, and because Respondents failed to provide any such hearing, Respondents have violated Petitioner's due process rights.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. <u>Liberty Interest</u>

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be

strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest here. He has resided in the United States for over seventeen years. Even if he is removable, or his liberty is revocable, his liberty is still protected by due process. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693. Moreover, the government released him on an order of recognizance. "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("[A] noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody."). Thus, Petitioner has a liberty interest protected by due process. The Court next turns to the procedural safeguards that were owed to Petitioner.

B. <u>Procedures Required</u>

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. The time that Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."). Despite his interest in maintaining his liberty,

Petitioner has now been detained for over two months, separated from his minor child, and unable to work. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to a final order of removal. Respondents do not claim that he is a danger to the community or a flight risk.[2] Without any showing by Respondents of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Custody hearings are routine processes for Respondents. Indeed, they are the very process owed to Petitioner under 8 U.S.C. § 1226(a). Any burden associated with the provision of this process is negligible and does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Nor do Respondents claim they would be unduly burdened.

Under *Mathews*, Petitioner was owed, at minimum, a hearing as to his detention "at a

---

[2] Respondents claim Petitioner "has criminal history," but there is no evidence in the record that Petitioner has ever been convicted of a crime. (*See* ECF No. 8-2 ("RAP sheet").) Nor do they argue he is a danger.

meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Petitioner has not been given any such hearing in over two months of detention. Thus, the Court finds Respondents violated the Fifth Amendment.

Respondents state they would not object to being ordered to provide the hearing to which Petitioner is statutorily and constitutionally entitled. (*See* ECF No. 8 at 1.) Respondents have had sufficient time to comply with their governing statutes and have chosen not to. The appropriate remedy here is not to bring the government into conformity with its governing statutes, it is to release Petitioner from unlawful custody. *See Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *3 (E.D. Cal. Apr. 16, 2026) (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D. W.Va. Feb. 4, 2026) (ordering release and rejecting the government's argument that a bond hearing is the appropriate remedy)).

## IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Miguel C.C. (A# 094-811-799) from custody under the terms of his previous order of release on recognizance. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this Order by **September 18, 2026.**

2. Respondents are ENJOINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government demonstrates by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*,

872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 3) is GRANTED.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Motion to Appoint Counsel (ECF No. 4) are DENIED as moot.

5. The Clerk of Court is directed to serve this Order on the **Golden State Annex**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 15, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE